IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.                         Case No. 6:87-cr-60003-SOH-MEF-1

HUGH BRYAN BOUGHAN                                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's Petition to Have Conviction Sealed and/or Dismissed (ECF No. 2), which the undersigned has liberally construed as either a motion for relief under 28 U.S.C. § 2255 or a petition for a writ of error *coram nobis*. The United States has not been directed to file a response, and none is necessary.

**Discussion**

On July 29, 1987, Defendant, Hugh Bryan Boughan ("Boughan"), pleaded guilty to assault with intent to rape, in violation of 18 U.S.C. § 113(a), as charged by an Information. (ECF No. 1). Boughan was sentenced to serve 15 years imprisonment and pay a $50.00 special assessment. The Judgment and Probation/Commitment Order was filed of record on July 31, 1987. (*Id.*).

In his petition, Boughan alleges he "discharged the above conviction" on March 27, 2015, that "[i]t has been over 30 years since conviction of stated crime," and he seeks to have his conviction sealed and/or dismissed. (ECF No. 2). Boughan does not claim that the proceedings that resulted in his conviction were illegal or invalid, nor does he seek expungement pursuant to any specific statutory authority. *See, e.g., United States v. Grimes*, No. 4:02-CR-00114 GTE, 2007 WL

2381986 (E.D. Ark. Aug. 17, 2007) (containing a compilation of statutory grounds that expressly authorize a federal district court to order expungement or grant other relief, but holding that federal district courts lack subject matter jurisdiction to expunge a criminal record based solely on equitable grounds) (citing *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006)).

Pursuant to the United States Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Eighth Circuit in *Meyer*, 439 F.3d at 860, held "a motion to expunge a criminal record that is based solely on equitable grounds does not invoke the ancillary jurisdiction of the district court." As subsequently noted in *United States v. Smith*, No. 4:07CR00243 JLH, 2010 WL 4809118 (E.D. Ark. Nov. 19, 2010) (internal citations omitted), the First, Third, Sixth, and Ninth Circuits have similarly held, based on *Kokkonen*, that federal district courts lack ancillary jurisdiction to entertain motions for expungement of criminal records apart from specific statutory authority.

Here, Boughan has not stated any ground for expungement aside from the mere passage of time, which is solely an equitable ground. *See United States v. Coloian*, 480 F.3d 47, 51 n. 6 (1st Cir. 2007) ("When we refer to 'equitable grounds,' we mean grounds that rely solely on notions of fairness and are entirely divorced from legal considerations.").

Pursuant to *Meyer* and the other authorities cited above, this Court lacks ancillary jurisdiction to consider Boughan's petition. It is, therefore, recommended that Boughan's petition (ECF No. 2) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of July 2018.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE